Filed 9/20/21  In re K.T. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re K.T., a Person Coming Under the Juvenile Court Law. | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY, <br><br>     Plaintiff and Respondent, <br><br>       v. <br><br> T.T., et al., <br><br>     Defendants and Appellants. | G060192 <br><br> (Super. Ct. No. 19DP0644) <br><br> O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Anthony C. Ufland, Judge.  Affirmed.

Daniel G. Rooney, under appointment by the Court of Appeal, for Defendant and Appellant, N.F.

Marsha F. Levine, under appointment by the Court of Appeal, for Defendant and Appellant, T.T.

Leon J. Page, County Counsel, Karen L. Christensen and Deborah B. Morse, Deputy County Counsel, for Plaintiff and Respondent.

No appearance for minor.

\*　　　　\*　　　　\*

N.F. (Mother) and T.T. (Father) (collectively Parents) both appeal from an order terminating their parental rights to K.T. after a Welfare and Institutions Code section 366.26 hearing (.26 hearing).[1] Parents assert the juvenile court erred by failing to order posttermination sibling visitation between K.T. and a sibling who is not a party to this appeal. Because Parents lack standing to raise these claims posttermination, we affirm the court's order.

## FACTS

Orange County Social Services Agency (SSA) filed a juvenile dependency petition for infant K.T. shortly after birth due to Mother's substance abuse, Parents' extensive history of domestic violence, and the family having an open dependency proceeding in Los Angeles County for the child's sibling, T.T.

At the jurisdiction and disposition hearing, the court sustained the amended petition alleging contact between Parents and marijuana use by Mother. K.T. was detained from Father and initially placed with Mother, but based upon her violation of a no-contact order with Father, the court ordered K.T. detained from Mother and placed in SSA's custody.

Mother did not comply with her service plan and at the six-month review hearing, the juvenile court determined there was no evidence Mother had made any progress with her case plan. Father had not engaged in any services. The court terminated services and set a .26 hearing. K.T. remained placed with caretakers and was healthy and happy. The caregivers wished to adopt her.

---

[1]      All further statutory references are to the Welfare and Institutions Code.

2

Mother continued to miss visits with K.T. and was not consistent with drug testing. Because of Covid-19 considerations, the .26 hearing was continued several times.

At the May 2021 .26 hearing, county counsel argued in support of SSA's recommendations to terminate parental rights. Minor's counsel joined and also contended the sibling exception did not apply.

Counsel for Mother stated Mother wanted to reunify with her daughter and termination of her rights would be detrimental to K.T. Counsel also contended Mother was the link in the sibling chain between K.T. and T.T. and the sibling benefit exception applied. She also asserted in the alternative that the court should order sibling visitation under section 16002 to maintain the sibling relationship.

Father joined in Mother's arguments. He similarly objected to termination of parental rights, and urged the court to find the parent child or the sibling exception applied, and order a less permanent placement plan for K.T.

The juvenile court determined K.T. was likely to be adopted. It found the level of visitation by Parents fell "far short of regular and consistent" and neither played "a parental role in [K.T.'s] life." It also concluded the evidence did not support a sibling bond because K.T. and T.T. had never lived together, had spent "very little time" together, and had no shared experiences. Ultimately, the court terminated parental rights, freed K.T. for adoption, and denied the request for sibling visitation.

DISCUSSION

The sole issue raised by Parents on appeal is that the juvenile court erred by failing to order sibling visitation posttermination. This argument fails because neither has standing to assert it.

To obtain review of a dependency ruling, a parent must establish that she is "a 'party aggrieved.'" (*In re Carissa G.* (1999) 76 Cal.App.4th 731, 734 (*Carissa G.*).) "To be aggrieved, a party must have a legally cognizable immediate and substantial

3

interest which is injuriously affected by the [juvenile] court's decision," and "[a] nominal interest or a remote consequence of the ruling" does not suffice.  (*Ibid.*)  Because a "'parent's primary interest in dependency is usually reunification,'" "a parent is aggrieved by a juvenile court order that injuriously affects the parent-child relationship."  (*In re Paul W.* (2007) 151 Cal.App.4th 37, 62.)  "[T]he mere fact a parent takes a position on a matter at issue . . . that affects his or her child," however, does not establish "standing to challenge an adverse ruling on it."  (*Carissa G., supra*, 76 Cal.App.4th at p. 736.)  "We liberally construe the issue of standing and resolve doubts in favor of the right to appeal."  (*In re Valerie A.* (2007) 152 Cal.App.4th 987, 999.)

When appealing an order terminating parental rights after a .26 hearing, appellants are limited to challenging the court's adoptability finding or whether the court erred in finding none of the exceptions to adoption applied.  (*In re Caden C.* (2021) 11 Cal.5th 614, 630-631.)  In proceedings terminating parental rights, parents are not legally aggrieved by the juvenile court's order concerning visitation as between the child and his or her siblings.  (*In re Nachelle S.* (1996) 41 Cal.App.4th 1557, 1560-1561.)

We recognize section 366.26 was amended in 2001, to prohibit the termination of parental rights where there is "a compelling reason for determining that termination would be detrimental to the child" because it would cause "substantial interference with a child's sibling relationship."  (§ 366.26, subd. (c)(1)(B), & (v); Stats. 2001 ch. 747, § 3.)  Here, however, Parents do not contend the sibling-relationship exception prevented termination of their parental rights.

Indeed, Mother concedes this point in her briefing stating, "Arguably, Mother does not have standing to raise and argue [K.T.'s] interest in visitation with her brother [T.T.].  Past case law has held a parent lacked standing to raise the issue of sibling visitation because the minor's interest in maintaining a relationship with siblings was considered unrelated to the parent's interest in reunification.  (*In re Daniel H.* (2002)

4

99 Cal.App.4th. 804, 809.) Further, parents could not raise sibling visitation issues indirectly by way of an ineffective assistance of counsel claim since it did not affect a parent's interest in reunification. (*Id*. at 810.)" Tellingly, Father does not address standing at all.

Parents cannot claim any legally cognizable interest in the child's relationships postdating the termination of parental rights because their own parental rights are not affected. (See § 388, subd. (b) [only a sibling can assert a sibling relationship and only as to a dependent child]; see also § 16002, subd. (d); *In re Cliffton B* (2000) 81 Cal.App.4th 415, 425.) Because the sibling-relationship exception is not at issue here and Parents have not identified any other interests impacted by "posttermination visitation between [the] siblings," we conclude they lack standing to raise the issue. (*In re Erik P.* (2002) 104 Cal.App.4th 395, 405 [preamendment decisions still "valid" where sibling-relationship exception is inapplicable]; see also *In re K.C.* (2011) 52 Cal.4th 231, 238 [parent contesting termination lacks standing to appeal concurrent placement order unless reversal would "advance[ ] the parent's argument against terminating parental rights"].)

Finally, Parents' assertion they "have standing to raise the posttermination sibling contact issue indirectly by way of a claim that minor's counsel was ineffective," is also unavailing. This argument is cut of the same cloth as the sibling visitation argument. Parents cite no authority demonstrating how they have standing to raise this issue posttermination.

## DISPOSITION

The order is affirmed.

                                        O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


GOETHALS, J.